IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **TOMMY DODSON,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| V. | )   Civil No.  **05-4068-GPM** |
| | ) |
| **LOWE'S HOME CENTER, INC., et al.,** | ) |
| | ) |
| Defendants. | ) |

### ORDER

**PROUD, Magistrate Judge:**

The parties have submitted a proposed "Stipulated Protective Order" to the Court, but they have failed to file a motion for a protective order as required by Local Rule 7.1(a). Therefore, there is actually nothing properly before the Court for consideration. Nevertheless, in the interest of judicial economy and at risk of issuing an improper advisory opinion, the Court will note that the proposed protective order is problematic.

The parties seek to protect "information and documentation to be produced during discovery in this matter, which is considered confidential or proprietary business information and which is designated "CONFIDENTIAL" by Defendants." In accordance with Federal Rule of Civil Procedure 26(c) and the dictates of *Citizens First National Bank of Princeton v. Cincinnati Insurance Co.*, 178 F.3d 943 (7th Cir. 1999), and *Union Oil Company of California v. Leavell*, , 220 F.3d 562 (7th Cir. 2000), the proposed protective order cannot be sanctioned by the Court.

No <u>specific</u> showing of good cause for the entry of the protective order has been made, as required by Rule 26(c). The proposed protective order also gives the parties free rein to

1

designate material as confidential.  The determination of good cause cannot be left to the parties, that is the Court's prerogative.  Even if protection is sanctioned by the District Court, the Court of Appeals for the Seventh Circuit must make its own determination regarding whether protection should extend through the appellate process.

Pretrial discovery has traditionally been conducted in private.  However, as the Court of Appeals for the Seventh Circuit stated in *Union Oil Company of California v. Leavell*:

> [T]he tradition that litigation is open to the public is of very long standing.  People who want secrecy should opt for arbitration.  When they call on the courts, they must accept the openness that goes with subsidized dispute resolution by public (and publicly accountable) officials.

**220 F.3d at 567-568 (internal citations omitted).**   The appellate court is undoubtedly guided by the centuries-old maxim that the public "has a right to every man's evidence" (*see U.S. v. Bryan*, 339 U.S. 323, 331).

Utilizing a similar rationale, in *Union Oil Company of California v. Leavell*, 220 F.3d 562 (7th Cir. 2000), the Court of Appeals stated:

> Many a litigant would prefer that the subject of the case–how much it agreed to pay for a construction pipeline, how many tons of coal its plant uses per day, and so on–be kept from the curious (including business rivals and customers), but the tradition that litigation is open to the public is of very long standing.  People who want secrecy should opt for arbitration.  When they call on the courts, they must accept the openness that goes with subsidized dispute resolution by public (and publicly accountable) officials.

**220 F.3d at 567-568 (internal citations omitted).**

Insofar as it may be argued that the Court should authorize the proposed protective order as an agreement between the parties, it would be incongruous and against public policy to enforce the terms of the proposed protective order.  The Court must strictly adhere to Federal Rule of Civil Procedure 26(c) and the controlling case law.  With that said, the Court notes that

the parties are free to agree amongst themselves to adhere to the terms of the proposed protective order– their agreement would simply not be afforded any protection under Local Rule 26.1(d).

**IT IS THEREFORE ORDERED** that, if the parties desire to formally move for entry of a protective order, they do so in conformance with the aforestated principles.

**IT IS SO ORDERED.**

**DATED: February 16, 2006**

s/ Clifford J. Proud
**CLIFFORD J. PROUD
U. S. MAGISTRATE JUDGE**