IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **TOMMY DODSON,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| V.  ) | Civil No. **05-4068-GPM** |
| ) | |
| **LOWE'S HOME CENTER, INC., et al.,** ) | |
| ) | |
| Defendants.  ) | |

### ORDER

**PROUD, Magistrate Judge:**

Before the Court is plaintiff's motion to: (1) compel defendant General Electric to properly and more fully respond to interrogatories and requests for production propounded on or about October 21, 2005, or provide a privilege log; (2) compel defendant Lowe's Home Centers to properly and more fully respond to interrogatories propounded on or about December 15, 2005, or provide a privilege log; (3) sanction General Electric and Lowe's; and (4) suspend *all* defendants' initiation of discovery, even that by defendants Emerson Electric Company and Therm-O-Disc, Inc.  **(Doc. 53;** *see also* **Doc. 55).**  Defendants General Electric ("GE") and Lowe's Home Centers ("Lowe's") have responded to plaintiff's specific discovery issues. **(Docs. 57 and 59).**  Defendants Emerson Electric Company ("Emerson") and Therm-O-Disc, Inc. ("Therm-O-Disc") object to the proposed remedy, noting that their discovery responses are not at issue in the motion to compel.  **(Doc. 54).**  Plaintiff also moves for oral argument, so all parties may be heard and "seek clarification of all judicial directives."  **(Doc. 56).**

1

**Oral Argument**

As a preliminary matter, plaintiff's motion for oral argument **(Doc. 56)** is denied. This case and the parties' discovery disputes are relatively uncomplicated and do not warrant oral argument. The Court's orders to date, as well as this order, speak for themselves. It is the Court's practice to cite to applicable Federal Rules of Civil Procedure, Local Rules and other authoritative sources with which the attorneys are expected to be familiar.

**Interrogatories Directed to GE**

Interrogatory No. 1 seeks the identity, title and address of each person answering the interrogatories, which were obviously propounded upon a corporate defendant. "General Electric Company, a New York Corporation" is the formal response. GE's response to plaintiff's entire set of interrogatories is prefaced with an explanation that the responses were prepared by legal counsel, based on the knowledge of GE *and* counsel. **(Doc. 53, Exhibit 1b, p. 1).** There is also a caveat indicating that GE reserves privilege regarding the knowledge of legal counsel, and noting that word usage and sentence structure may be that of legal counsel. The responses are signed solely by counsel, Michael T. Kokal, of Heyl, Royster, Voelker & Allen, and there is no indication that the responses are under oath.

Federal Rule of Civil Procedure 33(a) provides that an officer or agent of a corporation should respond to interrogatories propounded upon a corporation. Therefore, attorney Kokal may very well be authorized to speak for his corporate client. However, Rule 33(b) clearly requires that answers be under oath, which they are not. Furthermore, Interrogatory No. 1 specifically asks for the identities of those who answered the interrogatories, and GE has simply not provided the information requested. Interrogatories in general, and Interrogatory No. 1 in

particular, serve many purposes, including identifying individuals with knowledge who may be worth deposing, and enabling a response to be attributed to a specific person(s). GE's failure to respond to Interrogatory No. 1, combined with its prefatory remarks and caveat, casts doubt on all of defendant's responses, delays and hinders the discovery process and, therefore, is unacceptable. *See* **American Bar Association, Civil Discovery Standards, Standard 6, and Commentary (2004).** Therefore, **all** of GE's interrogatories must be reviewed and revised accordingly.

Interrogatory No. 2 is aimed at basic information about the manufacture of the clothes dryer at issue in the case. GE indicated that Camco was the manufacturer, but did not answer whether Camco is one of its divisions, or where the dryer was manufactured. Responses to other interrogatories refer to the dryer being a "GE dryer," "manufactured by GE," thus illustrating the importance of the missing and/or ambiguous information. Therefore, GE must review and revise its response to Interrogatory No. 2. For similar reasons, GE must review and revise its responses to Interrogatories 4 and 5.

Interrogatory No. 3 pertains to whether the dryer has been discontinued; if so, why; whether there have been reported problems or difficulties with the model; and what changes or modifications in design have been made and why. Interrogatory No. 25 is very similar. GE generally objects that the requests are overly broad, unduly burdensome, and seek irrelevant information. More specifically, GE observes that not every design change is relevant to whether the dryer was defective. As drafted, the Court agrees that Interrogatories 3 and 25 are overly broad and will likely require a great deal of irrelevant design changes, all of which would have to be listed and explained. Therefore, GE's objection is sustained and its partial

answer/explanation is deemed satisfactory.

Interrogatory No. 6 seeks a comparison between the dryer at issue and "comparable products within the industry." GE correctly observes that this interrogatory is overly broad, unduly burdensome, and calls for irrelevant information. Therefore, GE need not respond further to this request.

Interrogatory No. 7 (and its 16 subparts) is aimed at detailed information about the thermostat, temperature control and temperature limiting device in the dryer. GE's response only indicates the dryer contains four specified thermostats, all manufactured by Therm-O-Disc. Federal Rule of Civil Procedure 33(a) indicates that responses to interrogatories should provide "information as is available to the party." Therefore, revealing that the thermostats were manufactured by Therm-O-Disc does not necessarily fulfill GE's obligation. Therefore, GE should review and revises its response to Interrogatory No. 7.

Interrogatories 8-11 seek detailed information about safety devices, including the thermostats, whether there are recommended safety tests, and which tests were actually performed. GE directs plaintiff to the parts catalogue, identifies the part numbers for the thermostats and indicates one government test was performed. Plaintiff correctly observes that defendant did not provide the details that were specifically requested. Therefore, GE must review and revise its response to Interrogatories 8-11.

Interrogatories 13, 15 and 16 inquire about instruction manuals, brochures and the like, and seek specific information about any such instructional materials. GE produced three documents, but did not provide the other specifics requested. Therefore, GE must review and revise its response to Interrogatory No. 13. GE's response to Interrogatory No. 15 is adequate.

GE properly objected that Interrogatory No. 16 is vague and unintelligible and seeks some irrelevant information, in that it asks GE to "[l]ist the five major potential hazards that the product, similar products, and comparable products create," and "each and every step the defendant took to minimize potential injuries to the users of the product and similar products."

Interrogatory No. 17 requests a description, in complete detail, of all advertising GE has used to promote the dryer at issue and similar products." GE correctly objects that the request is overly broad, unduly burdensome, vague and would encompass irrelevant information.

Interrogatory No. 19 seeks a description in complete detail of all warranties in connection with the dryer at issue and similar products. GE indicated the requested information is contained in the instruction manuals provided to plaintiff and warning labels. The Court finds GE's response adequate, particularly since the request is overly broad as drafted– it is better suited as a request for production.

Interrogatory No. 20 asks GE to identify any complaints of injuries, damages or unusual occurrences resulting from the model dryer at issue, or similar or comparable models. GE indicates it reserves final answer until plaintiff's deposition has been taken. GE also objects that the request is overly broad, unduly burdensome, vague, and not reasonable calculated to lead to the discovery of admissible evidence. GE's desire to wait to respond is not well taken. However, the interrogatory, as drafted, is overly broad and vague. Therefore, GE need not respond further to Interrogatory No. 20.

Interrogatory No. 21 asks GE to list "every mistake, misuse, abuse, lack of care, occurrence of negligence, improper or inadequate act" that caused or contributed to the fire and any risk of injury or damage from using het dryer. GE correctly objects that the interrogatory is

5

overly broad, unduly burdensome, vague, and cannot even be properly responded to until after plaintiff's deposition is taken. GE need not respond further to Interrogatory No. 21.

Interrogatory No. 23 asks GE to identify all documents discussing or related to this lawsuit of the dryer at issue, authored after March 10, 2004. GE correctly objects that the request is overly broad, unduly burdensome, and vague as it is drafted. GE also asserts that attorney work product and privileged materials are also implicated, but GE does not provide a privilege log. Given that the request itself has been found faulty, GE need not provide a privilege log. Of course, if a similar, albeit more specific, request is directed at GE, a privilege log would be required.

**Requests for Production Directed to GE**

Requests 1-4 essentially seek GE's potential expert disclosures. GE correctly observes that plaintiff cannot preemptively seek GE's expert disclosures, or expand the scope of the required disclosures. GE's objections to Requests 1-4 are sustained.

Request No. 6 seeks *all* correspondence and communication between GE and any party to this action regarding the dryer. GE correctly observes that this request is overly broad, unduly burdensome and would certainly encompass irrelevant materials.

Request No. 10 (and 11 subparts) seeks a wide array of diagrams, manuals, tests and the like. GE has provided a great deal of the information, but certain subparts are disputed.

>Response 10(a) is inadequate, as it makes production of the UL file contingent upon a protective order, which has not been properly requested or granted. GE must produce its UL file.

6

Request 10(f) seeks a complete set of assembly diagrams depicting mechanical connections and is <u>not</u>, as GE asserts, overly broad, unduly burdensome, vague, and not reasonably calculated to lead to the discovery of admissible evidence. Plaintiff's expert(s) will undoubtedly need the diagrams to assess why the dryer caught fire. GE must produce the requested diagrams.

Response 10(h) is linked to GE's response to Interrogatory No. 11, which has no relationship to this request for production. In any event, the Court finds nothing wrong with the request. GE must produce the requested manuals, warnings and printed materials which were distributed to purchasers.

Request 10(i) regarding all documentation of all design or component changes is overly broad and unduly burdensome, as GE objects.

Request 10(j) is not objectionable. GE shall produce the requested test reports and documentation regarding operating temperatures at the drum and exhaust report.

Request 10(k) and GE's response are incongruous. GE shall review and revise its response.

All other aspects and subparts of GE's responses to Request 10 and its subparts not specifically addressed by the Court were found to be satisfactory and not needing review and revision.

Requests 14 and 18 are substantially similar to Interrogatory No. 20. The Court finds the request, as drafted, vague; therefore, GE need not produce any more documentation than has already been produced (if any).

Request 20 relates to alternate designs.  GE relates this request to Interrogatory No. 3.  Although GE should have supplied a specific objection, the Court concurs with the suggestion that this request, as drafted, is overly broad and vague.  Therefore, GE need not produce any responsive materials.

Request 23 is a valid request for analyses, studies and tests, investigations or examinations relating to actual or potential injuries caused by the dryer at issue.  This request is akin to Interrogatories 8-11.  GE must produce the requested materials.

Response 24 is incomplete on its face.  GE should review and revise its response.

Response 25 contains many, varied responses and objections.  In any event, the Court finds the request overly broad and vague, as GE objects.  Therefore, GE need not respond further.

Request 26 seeks documentation of *al*l modifications to the dryer.  As drafted, this request is overly broad; therefore, GE need not respond further.

### **Interrogatories Directed to Lowe's**

As a preliminary matter, the Court observes that Lowe's response to the subject motion to compel includes what are apparently intended to be supplemental responses to plaintiff's interrogatories.  **(Doc. 59).**  Supplemental responses must be sworn and signed; therefore, the Court will address interrogatories at issue as if no supplemental responses have been tendered.

Interrogatory No. 1 seeks the identity of each person answering the interrogatories, which were obviously propounded upon a corporate defendant.  "Lowe's Home Centers. Inc." is the formal response.  Lowe's goes on to explain that the responses were prepared by legal counsel, based on the knowledge of "various employees, representatives and agents of Lowe's." **(Doc. 53,**

**Exhibit 4b, p. 1).** The responses are signed solely by counsel, Michael T. Kokal, of Heyl, Royster, Voelker & Allen, and there is no indication that the responses are under oath.

Federal Rule of Civil Procedure 33(a) provides that an officer or agent of a corporation should respond to interrogatories propounded upon a corporation. Therefore, attorney Kokal may very well be authorized to speak for his corporate client. However, Rule 33(b) clearly requires that answers be under oath, which they are not. Furthermore, Interrogatory No. 1 specifically asks for the identities of those who answered the interrogatories, and Lowe's has simply not provided the information requested. Interrogatories in general, and Interrogatory No. 1 in particular, serve many purposes, including identifying individuals with knowledge who may be worth deposing, and enabling a response to be attributed to a specific person(s). Lowe's failure to properly respond to Interrogatory No. 1 casts doubt on all of defendant's responses, delays and hinders the discovery process and, therefore, is unacceptable. ***See* American Bar Association, Civil Discovery Standards, Standard 6, and Commentary (2004).** Therefore, **all** of Lowe's interrogatories must be reviewed and revised accordingly.

Interrogatory No. 2 seeks the identification of potential expert witnesses, their reports and test results– all of which are required to be disclosed under Federal Rule of Civil Procedure 26(a)(2). Defendants' experts are not required to be disclosed until July 15, 2006; therefore, this discovery request is premature. Lowe's need not provide its expert disclosures before the deadline.

Interrogatory No. 3 is aimed at identifying "consultative" experts upon whose work product a testifying expert has relied. Again, the requested information falls within the ambit of Federal Rule of Civil Procedure 26(a)(2)(B), and the Court will not mandate that Lowe's

prematurely disclose such information.

Interrogatory No. 6 is aimed at identifying those who may offer a "lay" opinion about the dryer and issues in this case, and the basis for such opinions. Lowe's notes that it has disclosed the identities of those with discoverable knowledge, as required by Federal Rule of Civil Procedure 26(a)(1). Lowe's also generally objects to providing information ahead of the deadlines set in the scheduling order controlling this case. All of Lowe's objections are well taken. Plaintiff is free to schedule depositions or utilize other methods to further discover exactly what is known by those identified by Lowe's.

Interrogatory No. 7 seeks to learn who has been interviewed about the incident at issue in this case, and when. Lowe's objects to disclosing information that is protected by attorney-client privilege or the work product doctrine, but Lowe's has not provided a privilege log as required. Lowe's otherwise indicates that it has nothing to disclose at this juncture. Although a privilege log has not been produced, the Court can fairly discern that this interrogatory is likely to encroach on attorney work product, but not so-called "opinion" work product. ***See* Fed.R.Civ.P. 26(b)(3).** Nevertheless, plaintiff must show substantial need for going beyond what is required to be disclosed under Federal Rule of Civil procedure 26(a)(1), before the Court will permit plaintiff to follow defense counsel's footsteps through the discovery process. Therefore, Lowe's need not respond to Interrogatory No. 7 any further than is required by Rule 26(a)(1).

Interrogatory No. 9 questions whether Lowe's has ever done business under another name, been sold, dissolved, purchased, merged or otherwise acquired by another entity. Lowe's objects that this request is irrelevant. Insofar as the interrogatory is not limited in time, the Court

finds the request irrelevant and overly broad. Therefore, Lowe's need not respond to Interrogatory No. 9.

Interrogatory No. 11 is aimed at discovering any statements or admissions about the incident made by plaintiff to Lowe's or anyone acting on Lowe's behalf. Lowe's objects that the request is overly broad, unduly vague and irrelevant. Lowe's objections are not well taken. Therefore, Lowe's must respond to Interrogatory No. 11.

Interrogatory No. 12 seeks to identify any written or oral warnings or instructions given to consumers about the safety, use, care, assembly and/or maintenance of the dryer at issue. Lowe's objects that the request is overly broad and unduly burdensome, and it seeks to shift the burden of proof to the defense. These objections are all without merit. Therefore, Lowe's must respond to Interrogatory No. 12.

Interrogatory No. 15 asks Lowe's to list "every mistake, misuse, abuse, lack of care, occurrence of negligence, improper or inadequate act" that caused or contributed to the fire and any risk of injury or damage from using the dryer. Lowe's correctly objects that the interrogatory is overly broad, unduly burdensome, vague, and cannot even be properly responded to until additional discovery is completed. Lowe's need not respond further to Interrogatory No. 15.

Interrogatory No. 16 inquires about whether Lowe's participated in the design, manufacturing, marketing, assembling, testing, inspecting or examining of the subject dryer. Lowe's indicates any testing was performed by GE. Lowe's otherwise objects that the request is overly broad, unduly burdensome, vague, and irrelevant. The request is overly broad and unduly burdensome insofar as it seeks information as specific as the employees of Lowe's and other

entities, who participated in those activities. However, the request is otherwise relevant. Therefore, Lowe's must respond to Interrogatory No. 16, but need only identify its own employees who were involved in any of the listed activities, and identifying other entities or subcontractors.

Interrogatory No. 17 asks that Lowe's identify all state and national industry regulations, guidelines, recommendations, safety procedures and informal rules applicable to or regarding the manufacturing, marketing, testing, inspection or examination of the subject dryer. Lowe's has identified a single UL test/certification. Lowe's otherwise correctly observes that this request, as drafted, is overly broad, unduly burdensome and likely to encompass a wide variety of irrelevant information. Lowe's need not respond further to Interrogatory No. 17.

Interrogatory No. 18 is very similar to Interrogatory No. 17, but is limited to statutes, codes, ordinances, rules and regulations regarding the manufacturing, installing, testing or inspection fo the subject product. As drafted, this request is overly broad, unduly burdensome and likely to encompass a wide variety of irrelevant information. Lowe's need not respond further to Interrogatory No. 18.

Interrogatory No. 19 seeks all written or oral complaints made to Lowe's or its predecessor or successor regarding any injury or the potential for injury from the make and model dryer at issue. Lowe's objects that the request is overly broad, unduly burdensome and seeks irrelevant information. Lowe's otherwise indicates no complaints have been lodged "at this store." Lowe's objections are not well taken; it must provide the requested information on a corporate-wide scale.

Interrogatory No. 20 seeks every written or oral complaint ever filed against Lowe's or

its predecessor or successor corporations with a host of government entities and media entities, and consumer watchdog entities regarding fire, or the potential for fire, caused by clothes dryers of the same make and model as is at issue in this case.  Lowe's objects that the request is overly broad, unduly burdensome and seeks irrelevant information.  Lowe's otherwise indicates no complaints have been lodged "at this store."   Of course, Lowe's can only respond with what information it has; therefore, the Court will require Lowe's to respond to Interrogatory No. 20.

Interrogatory No. 21 seeks information about all lawsuits filed in the last 10 years regarding fire involving *any* dryer manufactured by Lowe's or its successor or predecessor corporations.  Lowe's correctly observes that the request, as drafted, is overly broad, unduly burdensome and likely to ensnare irrelevant information.  Lowe's need not respond to Interrogatory No. 21.

Interrogatory No. 22 seeks to identify predictive analyses, studies, tests and the like, done by or on behalf of Lowe's, *or done by some other entity*, of the make and model dryer at issue, or its component parts.  Lowe's indicates GE did any testing. Lowe's otherwise correctly notes that the request, as drafted, is overly broad and unduly burdensome.  Lowe's need not respond further.

Interrogatory No. 23 is similar to Interrogatory No. 22, but, as drafted, it is limited to Lowe's and its "associates," and seeks the specific identities of all those involved.  As drafted, this request is vague; therefore, Lowe's need not respond further.

Interrogatory No. 24 is aimed at discovering all tests on the subject product and its contents performed solely by Lowe's.  Lowe's indicates GE did all testing.  Lowe's also objects that the request is overly broad, unduly burdensome and seeks irrelevant information. Lowe's

response regarding GE would seem to answer the inquiry. Otherwise, Lowe's objections are overruled. Therefore, Lowe's should review and revise its response to Interrogatory No. 24, even if by merely confirming that GE, not Lowe's, performed any and all testing.

Interrogatory No. 25, seeks Lowe's estimate of plaintiff's damages. Lowe's objects that this is an improper contention interrogatory, but otherwise reserves the right to respond after the completion of discovery. Federal Rule of Civil Procedure 33(c) does permit such an interrogatory; however, it is also recognized that such a request may not be answerable until after all discovery is completed. The American Bar Association's Civil Discovery Standards further advise against the use of such contention interrogatories to tie up a party, rather than merely to aid in the discovery process. From the Court's perspective, at this juncture, the request is aimed at tying Lowe's to an answer. As part of the settlement process, the parties will undoubtedly have an opportunity to discuss plaintiff's damages. Therefore, Lowe's need not respond to Interrogatory No. 25– which is not to say that the parties should not engage in settlement negotiations.

Interrogatory No. 26 is aimed at pinpointing exactly what Lowe's involvement was with respect to the subject product. Lowe's provides a bit of information, all aimed at directing plaintiff's attention to GE. Lowe's otherwise objects that the request is overly broad, unduly burdensome and seeks irrelevant information. Despite a broad listing of possible avenues of involvement, the request is clear and Lowe's objections are not well taken. Lowe's must specifically answer Interrogatory No. 26, not merely point to what GE may or may not done.

Interrogatory No. 27 seeks every document, comment or complaint possessed by Lowe's regarding fire or failure of a cycling thermostat involving the make and model dryer at issue.

Lowe's objects that the request is overly broad, unduly burdensome and seeks irrelevant information, but otherwise indicates no complaints have been made "at this particular store." Lowe's objections are not well taken; it must fully respond to Interrogatory No. 27 based on corporate-wide knowledge.

Interrogatory No. 30 inquires about all flexible dryer vents and ducts incorporating vinyl and/or plastic components which were offered for sale at Lowe's Mt. Vernon. Illinois, store on January 25, 2000. Lowe's did not proffer an objection; rather, Lowe's merely responded that it would respond if and when information became available. The Court finds Lowe's response proper and consistent with its on-going discovery obligations.

Interrogatory No. 31 seeks to identify Salesman S0066BPI 76047. Lowe's responded that it would respond if and when information became available. The Court finds Lowe's response proper and consistent with its on-going discovery obligations.

Interrogatory No. 32 seeks employment and contact information about Stacey Woodward. Lowe's responded that it would respond if and when information became available. The Court finds Lowe's response proper and consistent with its on-going discovery obligations.

Interrogatory No. 33 is aimed at discovering all training and educational courses, texts or programs relating to the sale, installation, handling or operation of clothes dryers. Lowe's responded that it would respond if and when information became available. The Court finds Lowe's response proper and consistent with its on-going discovery obligations.

**Staying Discovery and Sanctions**

Plaintiff seeks to stay discovery relative to all defendants, arguing that they are acting in concert and that discovery cannot efficiently proceed against Emerson Electric and Therm-O-

Disc while the responses of GE and Lowe's are outstanding. The Court does not find that GE or Lowe's has acted improperly in responding to plaintiff's discovery requests. There is also no evidence of the four defendants acting in concert to improperly impede plaintiff's discovery efforts. Therefore, there is no reason to impose sanctions, let alone stay the defendants' discovery.

The parties should be attempting to schedule depositions in the most efficient manner possible. At this juncture, micro-management of the scheduling of depositions does not appear necessary. However, if the parties cannot amicably agree to exchange discovery materials in a manner that facilitates rather than hinders the taking of depositions, the Court will not hesitate to schedule Court-supervised depositions on the Court's weekend schedule, and impose sanctions as necessary.

**IT IS HEREBY ORDERED** that plaintiff's motion for oral argument **(Doc. 56)** is **DENIED**.

**IT IS FURTHER ORDERED** that plaintiff's motion to compel **(Doc. 53)** is **GRANTED IN PART AND DENIED IN PART**, as specified in this order. On or before **July 21, 2006**, defendants GE and/or Lowe's shall review and revise, or otherwise respond to plaintiff's discovery requests as directed above. In addition to responding to specific interrogatories where there objections have been overruled, GE and Lowe's must ensure that *all* of their responses– past and future– comply with Federal Rules of Civil Procedure 33(a) and (b).

**IT IS SO ORDERED.**

DATED: July 6, 2006

s/ Clifford J. Proud
**CLIFFORD J. PROUD**
**U. S. MAGISTRATE JUDGE**